(No. 4704—■■■■■■■■■■■■■)

BLAUNER CONSTRUCTION COMPANY, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1957.*

WALTER T. DAY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

Tolson, C. J.

On January 16, 1956, claimant, Blauner Construction Company, A Corporation, filed its complaint, seeking an award in the amount of $58,404.49 for balance claimed to be due on a certain contract.

The record consists of the following:

1. Complaint.
2. Departmental Report.
3. Supplemental Departmental Report.
4. Motion for summary judgment.
5. Stipulation.
6. Amendment to complaint.

The facts of the case are as follows:

On April 30, 1952, claimant and respondent entered into a contract in the amount of $245,600.00 for the construction of a certain building at Sheridan, Illinois. A copy of the contract, identified as No. 67370, as well as the plans and specifications, were attached to and made a part of the complaint.

Certain difficulties were encountered, which were not covered in the contract, and certain extras were ordered to complete the job.

The state withheld the sum of $20,000.00 from the final payment, and, thereafter, Edward Pratt's Sons Company, a subcontractor, filed a notice of lien with the state for labor and material.

The Departmental Report from the Division of Architecture and Engineering, dated February 21, 1956, admits that certain extra work was ordered but differs with claimant as to the value of the work. The Report also denies any liability for hardships encountered in performing the contract.

Since the filing of the complaint on January 16, 1956, claimant has settled the lien claim of Edward Pratt's

Sons Company for the sum of $8,900.00, leaving a balance of $11,100.00 in the fund withheld. There is no dispute as to the merits of this portion of the claim.

On March 5, 1957, the Division of Architecture and Engineering filed a Supplemental Report, in which it was indicated that the charges for the extra work had been reviewed, and the Department recommended payment to claimant in an amount not to exceed $16,000.00.

On March 22, 1957, claimant filed an amendment to the complaint, and a motion for summary judgment. On the same date, claimant and respondent filed a stipulation, in which it was recited that there is presently withheld from claimant the sum of $11,100.00.

The stipulation further recites:

"It is further stipulated and agreed that work in addition to that required by the claimant's contract, contract No. 67370, was ordered by respondent and performed by claimant, and that liability for such work has never been denied by respondent, but that before and since the filing of the present cause of action the claimant and its attorneys have been in conference with various supervising architects of the State of Illinois, with the Assistant Chief of Construction, Division of Architecture and Engineering, the Director of the Department of Public Works and Buildings and the Director of the Department of Public Welfare, same being the Department for which such building was constructed, and that as a result of such conferences the respondent has conducted independent investigations concerning the items set forth in the original Bill of Particulars, and have by such investigations arrived at measurements, cubic yards, reasonable costs and labor rates pertaining to each of the items set forth in such Bill of Particulars, and have, in addition thereto, interpreted, construed, admitted and disclaimed various items of the former Bill of Particulars resulting in a communication, dated March 5, 1957, from the Supervising Architect of the State of Illinois to the Attorney General of the State of Illinois, indicating that Item 1, Sections A and B; Item 2, Sections A, B and C; and Item 4, as contained in the original Bill of Particulars, are concurred in and admitted by the State of Illinois, and that the total amount approved by respondent for the work done, in addition to that required by the contract, is in the sum of sixteen thousand and twenty-five dollars and fifty-four cents ($16,025.54), and that such sum is a fair, usual, reasonable and customary amount allowable for said items."

From a review of the pleadings, Reports and stipulation, it would appear that claimant is entitled to an

award, and that it is not necessary to refer the matter to a Commissioner to hear evidence and report findings.

Since this Court is not permitted to enter a judgment against the State of Illinois, the motion for summary judgment will be treated as a motion in the nature of a motion for summary judgment.

An award is, therefore, made to claimant, Blauner Construction Company, in the amount of $11,100.00, the same being the balance due it from funds withheld on contract No. 67370.

An additional award is made to claimant, Blauner Construction Company, in the amount of $16,025.54, which was the amount found by the stipulation to be due claimant for extra work ordered by the State of Illinois.